IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSÉ GARCIA,<br><br>                    Plaintiff<br><br>            VS.<br><br>RALPH BATTLE, WARDEN,<br><br>                    Defendants | NO.  5:08-CV-309 (CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION TO DISMISS

Before the court is defendant WARDEN Ralph Battle's motion seeking dismissal.  Tab #21. Therein, defendant Battle contends that plaintiff José Garcia failed to exhaust available administrative remedies prior to filing this federal suit.  Defendant Battle further avers that plaintiff Garcia fails to state a claim.  Plaintiff Garcia was ordered to (Tab #23) and did respond to the motion.  His responses came in the form of a motion seeking voluntary dismissal (Tab #24) and a subsequently filed motion seeking appointed counsel (Tab #28).   Defendant Battle responded to both of the plaintiff's motion/responses.  Tab #26 and Tab #29.

### LEGAL STANDARDS

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the available administrative remedies available to him.  42 U.S.C. §1997e(a).  The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Garcia filed the above-captioned §1983 action wherein he alleges that his 8th Amendment rights have been violated. The allegation stems from physical altercations between plaintiff Garcia and other inmate(s). In particular, the plaintiff claims that during his incarceration at Bostick State Prison, he was physically assaulted by several inmates on two separate occasions during which he sustained injuries which caused him to bleed. Following the assaults, inmate Garcia was given a disciplinary report which resulted in an extended assignment to a maximum security unit. Plaintiff asserts that following numerous appeals, the disciplinary report was found to be erroneous and was expunged. In his original complaint, plaintiff Garcia named inmate Toby Caine, LIEUTENANT D. Peal, two unknown inmates, and WARDEN Steve Upton as defendants and demanded injunctive relief and monetary damages.

After reviewing the complaint, the undersigned dismissed as improper the inmate defendants and directed plaintiff Garcia to supplement his claims against LIEUTENANT D. Peal on account of his failure to provide in the body of his complaint any detail of Lt. Peal's actions. Tab #7. Plaintiff filed a supplement to his complaint wherein he explained that during the above described assaults, he sustained a broken nose and was, in fact, beaten unconscious. Tab #8. He then added that, insofar as medical treatment is concerned, he was x-rayed and provided with only pain pills and sponges. As a result, he concludes that his nose is still broken and complains of difficulty breathing and continuing pain.

Plaintiff Garcia then explained that the assaults occurred as a consequence of inadequate staffing, lack of an intercom system, and a failure to segregate mental and non-mental health inmates at Bostick State Prison. He avers that his complaint is "directed, at least in part, against the officer in charge of the dorm; Bostick State Prison; and the Officer's Supervisors," but he neglects to name any individuals who were responsible for the alleged deficiencies. Moreover, plaintiff ignored the court's request that he explain how Lieutenant Peal violated his constitutional rights.

In response, the undersigned directed the plaintiff to file a *second* supplement to his complaint wherein he was to specifically state why he named Lt. D. Peal. Tab #16. He was also instructed to name as defendants all specific individuals at Bostick State Prison whom he contends were responsible for the alleged mistreatment set forth in his complaint and to provide the dates on which the fight occurred and on which Lt. Peal, or any other individual defendant, violated his rights.

In his second supplement, plaintiff Garcia claimed that defendant WARDEN Battle was solely responsible for the conditions which led to the assaults, the assaults themselves, and for not supplying proper medical treatment. Tab #17. Having read the plaintiff's second supplement, the undersigned recommended dismissing Lieutenant D. Peal and ordered service upon defendant Warden Battle. Tab #18. Defendant Battle responded by filing the instant motion seeking dismissal. Tab #21.

**DISCUSSION**

In his motion seeking dismissal, defendant Battle avers that plaintiff Garcia has failed to exhaust his administrative remedies on any of the foregoing claims. In support of this contention, he has submitted the affidavit of Tim Jones, the Deputy Warden of Treatment at Bostick State Prison. Jones testifies therein that plaintiff Garcia while incarcerated has not filed a formal grievance with the Georgia Department of Corrections or any grievance, formal or informal, at any prison regarding an alleged failure to protect or denial of medical treatment occurring at Bostick State Prison. In response to this assertion, plaintiff Garcia makes the unsupported averment that he "utilized the administrative avenue made available to him for redressing grievances as high and as far as he was permitted."

Because plaintiff Garcia has not presented any evidence beyond his own conclusory allegations that he exhausted available administrative remedies, and in light of the materials and affidavit submitted by the defendant, the undersigned does not find the plaintiff's assertions that he exhausted all available administrative remedies credible.

Accordingly, **IT IS RECOMMENDED** that defendant Battle's MOTION TO DISMISS be **GRANTED** and that the plaintiff's action be **DISMISSED.** Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 16th day of DECEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE